The Honorable Rebecca L. Pennell

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

A.S., DAVID SPEIRS, & MICHELLE SPEIRS,

Plaintiffs,

v.

NATIONAL KARTING ALLIANCE, INC., JOSEPH JANOWSKI, President of National Karting Alliance, Inc. in his official and individual capacities, NORTHWEST KARTING ASSOCIATION, MICHAEL SCHORN, President of Northwest Karting Association, in his official and individual capacities, WILLIAM ROBERT WEBER, & JAMES BENHAM, in his official and individual capacity as Chief Executive Officer of Padholder, LLC

Defendants.

Case No. 4:25-cv-05090-RLP

**PLAINTIFFS' REPLY TO DEFENDANT JAMES BENHAM'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

06/23/2026
With Oral Argument: 3:00 p.m.
Via Videoconference

**INTRODUCTION**

Plaintiffs contest Defendant James Benham's (Benham) Responses in opposition to the Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs met their burden of proof, sought an opinion based on facts, not hypotheticals, and

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 1
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

appropriately relied on facts already in the record. For the reasons below, Plaintiffs request the Court to reject defendants National Karting Association ("NKA") and Joseph Janowski ("Janowski"), along with co-defendants Northwest Karting Alliance ("NWKA") and Michael Schorn ("Schorn") (collectively, the "NKA Group") arguments and hold that NKA's legal action clause ("LAC") is void and unenforceable as against public policy.

## ARGUMENT AND AUTHORITY

### A. <u>Plaintiffs met their burden of proof and timely moved for summary judgment with the evidence in the record</u>

Benham argues that Plaintiffs failed to meet their burden of proof because Plaintiffs relied only on their unverified complaint in moving for summary judgment. ECF No. 50 at 6. This distorts the source of the evidence that Plaintiffs relied upon in moving for Summary Judgment.

Courts need to rely on cited materials in deciding whether to grant Summary Judgment. Fed. R. Civ. Proc. 56(c)(3). However, courts may also rely on other materials in the record. *Id.* In summary judgment, the record includes pleadings, including admissions in pleadings. Fed. R. Civ. Proc. 56(c)(1)(A). Courts do view evidence in favor of the nonmoving party in summary judgment determinations. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, admissions, including those in a defendant's answer, are binding on the parties and

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 2
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

the court. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Defendants cannot avoid summary judgment by pretending that their own admissions are not evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). These admissions can be relied upon at summary judgment, trial, and on appeal without any need for further evidentiary support. *Lacelaw*, 861 F.2d at 226 (citing *Ferguson v. Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir. 1986)). Factual allegations that a defendant admits are then established and can no longer be contradicted by testimony or argument. *See White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

Here, while Plaintiffs did cite to their unverified complaint, the key admissions giving rise to Plaintiffs' Motion are from the record, not just from the Complaint, from the Defendants' own Answer to the Complaint. Most notably, NKA Group admitted to NKA issuing the Penalty Notice banning plaintiff A.S. from NKA-sanctioned events, notifying Plaintiffs that the decision was final and non-litigable, threatening Plaintiffs with NKA's legal fees if NKA were involved in legal proceedings, and failing to respond to the appeal. ECF No. 8 ¶ 6; ECF No. 37 ¶ 6. NKA Group also admitted paragraph 4.49 of the Complaint, including NKA's issuance of the Penalty Notice and Janowski's signature. ECF No. 8 ¶ 21; ECF No. 37 ¶ 23.

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 3
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Crucially, the NKA Group admitted to paragraphs 4.52, 4.53, and 4.54 of the Complaint, establishing that NKA's LAC exists, that if NKA enforces the LAC it imposes an automatic and indefinite suspension from NKA-sanctioned events, including events not hosted by NWKA, and that the LAC compels individuals to pay all litigation costs if they sue, take legal action against NKA, name NKA as a party, or request or compel NKA or one of its members to appear in a legal proceeding. ECF No. 8 ¶ 24; ECF No. 37 ¶ 26.

These admissions are well documented in NKA Group's own answers to the complaint and are therefore in the record. On these grounds, Plaintiffs have relied on not just their own complaint, but the Defendants' own pleadings that are part of the record. Thus, Plaintiffs have met their burden of proof.

Benham further alleges that Plaintiffs' Motion is premature because discovery is ongoing. ECF No. 50 at 8. Even if discovery is still ongoing, the same logic applies—defendants admitted to key material facts in their own Answers, and these key admissions are binding and cannot be contested or disputed. These admissions by NKA Group, already in the record well before Plaintiffs filed their Motion, are already sufficient for this Court to decide the narrow issue raised in Plaintiffs' Motion for Summary Judgment.

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 4
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## B. **Plaintiffs' Motion for Summary Judgment is only centered on a narrow issue**

Benham further asserts that Plaintiffs failed to provide factual evidence on a series of facts believed to have supported Plaintiffs' motion. ECF No. 50 at 7. Plaintiffs are not asking the Court to adjudicate the merits of every ADA, WLAD, accommodation, bullying, safety, or disciplinary fact in the case. Instead, Plaintiffs are asking the Court to issue a narrow legal ruling on a provision that has already been admitted: NKA's LAC, which Defendants admit exists, admit applies to Plaintiffs, admit provides for automatic and indefinite suspension if litigation is pursued, and admit is the basis for their counterclaim seeking attorneys' fees, costs, and expenses against David and Michelle Speirs for filing this civil-rights action.

The issues that Benham raised in his Response, particularly those in lines 13–21 are irrelevant to this narrow topic of the inapplicability of NKA's LAC on public policy grounds. Disputes surrounding whether A.S. has a disability, accommodations for A.S., the nature, actuality, and imposition of the rule that A.S. allegedly violated, and the incident at the Super Cup have no bearing at all on the relevant issue: whether NKA may impose a contractual rule that punishes a child with disabilities, and his parents, with automatic indefinite exclusion from all NKA-sanctioned events and fee liability merely because they file, participate in, compel

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 5
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

testimony in, or otherwise pursue legal proceedings. This is an issue the Court can resolve based on Defendants' admissions to date.

### C. **Plaintiffs Are Not Seeking An Advisory Opinion, Nor Are They Basing Their Motion on Hypothetical Facts**

Benham argued that Plaintiffs sought an advisory opinion because Plaintiffs allegedly based their motion on hypothetical facts. ECF No. 50 at 7.

As stated previously, admissions in a defendant's pleadings are binding on the parties and the court. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Once admitted, factual statements of admission cannot be controverted.

Here, NKA Group admitted that the LAC exists. The NKA Group admitted that the LAC applied to Plaintiffs. They admitted that the LAC provided for automatic and indefinite suspension if Plaintiffs pursued litigation. And they admitted that the existence of the LAC was based on their counterclaim seeking attorneys' fees, costs, and expenses against David and Michelle Speirs merely for filing this civil rights action. These facts, alone, are facts already established, and are not hypothetical.

Defendants' own Counterclaim makes the controversy even more concrete. NKA and Janowski allege that David and Michelle Speirs contractually agreed, as part of A.S.'s license, that they would not sue Defendants pursuant to the litigation clause quoted in paragraph 4.52 of the Complaint. ECF No. 8 at 5; ECF No. 32-1 at

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 6
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

6. Benham's own Counterclaim even agreed to the existence of a contract to a similar effect. *See* ECF No. 40-1 at 17. Defendants further allege that the clause makes the Plaintiffs liable for attorneys' fees, costs, and expenses if they breach it, resulting in automatic and indefinite suspension of A.S. from all NKA-sanctioned events. ECF No. 8 at 11; ECF No. 32-1 at 13; ECF No. 40-1 at 17–18. They then allege the Plaintiffs breached the LAC by filing this lawsuit and seek fees, costs, and expenses as damages. ECF No. 8 at 11; ECF No. 32-1 at 13; ECF No. 40-1 at 17–18.

That pleading alone defeats Defendants' "advisory opinion" argument. Plaintiffs are not asking the Court to decide a hypothetical question about a clause that might someday be enforced. Defendants have invoked the clause, pleaded it as a counterclaim, and asked this Court to award monetary relief because Plaintiffs filed this civil-rights action. The evidentiary foundation is not Plaintiffs' unverified Complaint standing alone. It is Defendants' own Answer and Counterclaim.

Under these circumstances, Plaintiffs are not seeking an advisory opinion. They are seeking a court opinion arising from Defendants' pleaded counterclaim and their actual enforcement position in this case. On these grounds, Plaintiffs request the Court to reject Benham's assertion that Plaintiffs used hypotheticals for an advisory opinion.

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 7
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## CONCLUSION

For the reasons stated above, the Court should grant a Motion for Partial Summary Judgment in favor of the Plaintiffs and award attorney fees in bringing the Motion and this Reply to Benham's Opposition to Plaintiffs' Motion.

RESPECTFULLY SUBMITTED this 20th day of May, 2026.

WASHINGTON CIVIL & DISABILITY ADVOCATE

*/s/ Conrad Reynoldson*                          */s/ Dustine Bowker*
Conrad Reynoldson, WSBA #48187         Dustine Bowker, WSBA #63263
4115 Roosevelt Way NE, Suite B            4115 Roosevelt Way NE, Suite B
Seattle, WA 98105                                 Seattle, WA 98105
(206) 876-8515                                      (206) 428-3172
conrad@wacda.com                              dustine@wacda.com

LATE KNIGHT LEGAL PLLC

*/s/ Paul Boudreaux*
Paul Boudreaux, WSBA #49038
P.O. Box 65367
University Place, WA 98464
(253) 656-4475
lateknightlegal@gmail.com

*Attorneys for Plaintiffs*

Plaintiffs' Reply to Defendant James Benham's
Response in Opposition to Plaintiffs' Motion
for Partial Summary Judgment - 8
Case No. 4:25-cv-05090-RLP

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172