FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| A.S., DAVID SPEIRS, & MICHELLE SPEIRS, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL KARTING ALLIANCE, JOSEPH JANOWSKI, President of National Karting Alliance, Inc. in his official and individual capacities, NORTHWEST KARTING ASSOCIATION, MICHAEL SCHORN, President of Northwest Karting Association, in his official and individual capacities, WILLIAM ROBERT WEBER, & JAMES BENHAM, in his official and individual capacity as Chief Executive Officer of Padholder, LLC, <br><br> Defendants. | No. 4:25-CV-05090-RLP <br><br> ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND FOR PROTECTIVE ORDER AND BIFURCATING DISCOVERY |

Before the Court are Plaintiffs' Motion for Partial Summary Judgment, ECF No. 43, and Plaintiffs' Motion for Protective Order Granting Relief from Live Deposition for Minor A.S., ECF No. 55. A hearing was held by videoconference

ORDER DENYING MOTIONS FOR PARTIAL
SUMMARY JUDGMENT AND FOR PROTECTIVE
ORDER AND BIFURCATING DISCOVERY ~ 1

on June 23, 2026. Plaintiffs were represented by attorney Paul Boudreaux; Defendants National Karting Alliance and Northwest Karting Association, Joseph Janowski and and Michael Schorn were represented by attorney James Cheney; Defendant James Benham was represented by attorney Miguel Mendez-Pintado.

This suit arises from allegations of discrimination based on disability of a minor child, A.S. A.S. participated in a kart racing event hosted by Defendant Northwest Karting Association (NWKA) and sanctioned by Defendant National Karting Alliance (NKA). *Id.*, ¶ 1.5. The facts, circumstances, and characterization of events before, during and after an on-track incident involving A.S. are at issue in this case. Based on the incident, NKA issued a penalty notice to A.S. and imposed a two-year suspension. ECF No. 47, Ex. 1. The notice indicated the basis for the suspension and invoked section 10.1.10 of NKA rules:

ORDER DENYING MOTIONS FOR PARTIAL
SUMMARY JUDGMENT AND FOR PROTECTIVE
ORDER AND BIFURCATING DISCOVERY ~ 2

**10.1.10: Legal Action**

In consideration of receiving the benefits available to Participants, each Participant agrees that the decisions of NKA officials are non-litigable. This means that by participating in an event, each Participant (and their legal guardian if the Participant is under the age of 18) waives any rights they may have to be a party to or initiate any legal action against the decisions or actions of NKA or anyone acting on their behalf. If a Participant initiates or participates in litigation in violation of these Rules, the Participant is automatically and indefinitely suspended from NKA-sanctioned events. Further, each Participant shall reimburse the NKA Group for all costs of litigation, including, without limitation, travel expenses, attorneys' fees, and costs if the Participant (a) initiates or otherwise causes a member of the NKA Group to be named as a party in a legal proceeding that is not permitted by these rules, or (b) requests or compels a member of the NKA Group to participate in a legal proceeding as a non-party (e.g., responding to a non-party subpoena or giving a deposition).

ECF No. 45 at 5.

A.S. and his parents brought this action against NWKA and NKA for violations of his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12182, and the Washington Law Against Discrimination, RCW 49.60.030. Defendants NKA and Janowski, the president of NKA, asserted an affirmative defense and counterclaim for breach of contract based on the legal action clause above.  ECF No. 8.

Plaintiffs filed a Motion for Partial Summary Judgment as to the validity of NKA rule 10.1.10, the legal action clause. Plaintiffs assert the clause is void as against public policy and therefore unenforceable. For the reasons set forth on the

ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND FOR PROTECTIVE ORDER AND BIFURCATING DISCOVERY ~ 3

record, the Court finds the motion premature and denies the motion for partial summary judgment without prejudice.

The parties have commenced discovery and Defendants noted A.S.'s deposition. ECF No. 58 at 10-12. Plaintiffs seek a protective order to prevent the deposition and contend that any live questioning would put A.S., a minor with disabilities, at risk of permanent harm. ECF No. 55.

As discussed at the hearing, courts "have generally refused to preclude an opposing party from obtaining the child's testimony on relevant and material issues in the case." *Lamberth v. Clark County Sch. Dist.*, 2015 WL 4076506, at *4 (D. Nev. July 1, 2015). Here, A.S. is a plaintiff in this case and the claim places A.S.'s behavior, responses, and limitations directly at issue. The Court declines to enter a protective order barring A.S.'s deposition.

However, the Court recognizes there are valid concerns regarding A.S.'s deposition, many of which were addressed by Defendants' proposal for accommodations. Because there are outstanding legal issues which could potentially be dispositive of this matter, the Court finds that delaying A.S.'s deposition is appropriate. If this case may be resolved without the need for A.S.'s deposition, there should be opportunity to do so. As such, the Court finds bifurcating discovery is appropriate. The parties shall proceed with discovery and dispositive motions, except discovery or motions that require A.S.'s deposition.

ORDER DENYING MOTIONS FOR PARTIAL
SUMMARY JUDGMENT AND FOR PROTECTIVE
ORDER AND BIFURCATING DISCOVERY ~ 4

If the case withstands any threshold legal issues, the Court will enter a protective order governing A.S.'s deposition. As discussed at the hearing, the Court expects the parties to explore the possibility of engaging a forensic interview specialist with expertise in assisting with child depositions.

Accordingly, **IT IS ORDERED**:

1.     Plaintiffs' Motion for Partial Summary Judgment, **ECF No. 43,** is **DENIED** without prejudice**.**

2.     Plaintiffs' Motion for Protective Order Granting Relief from Live Deposition for Minor A.S., **ECF No. 55**, is **DENIED** without prejudice.

3.     Discovery in this matter is bifurcated. Defendants shall not take A.S.'s deposition without further order of this court.

    a.  All discovery that does not depend on the deposition of A.S. shall be completed by **September 7, 2026.**

    b.  Dispositive motions that do not depend on the deposition of A.S. shall be filed by **September 15, 2026**.

    c.  These deadlines may be extended by without court order by a stipulation of the parties filed with the Court.

    d.  Should the case survive dispositive motions, the Court will issue a new scheduling order, including deadlines related to experts, and

ORDER DENYING MOTIONS FOR PARTIAL
SUMMARY JUDGMENT AND FOR PROTECTIVE
ORDER AND BIFURCATING DISCOVERY ~ 5

request a joint proposal for a protective order regarding the deposition of A.S.

4.    The pretrial conference scheduled for **January 11, 2027,** and the jury trial scheduled for **January 25, 2027,** are **STRICKEN** and will be reset if necessary.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** June 25, 2026.

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER DENYING MOTIONS FOR PARTIAL
SUMMARY JUDGMENT AND FOR PROTECTIVE
ORDER AND BIFURCATING DISCOVERY ~ 6